## Case No. 12,693.

### SHAEFER et al. v. KETCHUM.

[6 Int. Rev. Rec. 4.]

Circuit Court, S. D. New York. 1867.

INTERNAL REVENUE—PAYMENTS UNDER PROTEST—BEER TAX—ACTION TO RECOVER BACK.

[1. A payment of internal revenue taxes under protest is not a voluntary payment, where both the collector and the party paying understand at the time that payment must be made or the law will be enforced.]

[Cited in U. S. v. Schlessinger, 14 Fed. 684.]

[2. A verbal protest, which is noted by the deputy collector on the back of the tax receipt which he gives to the parties paying the tax, is a sufficient protest.]

[3. Under section 50 of the act of 1862, which lays a tax of one dollar a barrel on beer "manufactured and sold, or removed for consumption and sale," after the 1st day of September in that year, the tax applies only to beer manufactured on or after that date, and not to beer which was manufactured in the spring, and which was sold, or removed for consumption and sale, after the 1st of September.]

[4. An action will lie against the collector of internal revenue to recover back taxes paid under protest, and which were assessed under the act of 1862.]

This was a suit [by Frank Shaefer and others] against the defendant [Edgar Ketchum] as collector of internal revenue for the Ninth district, New York, to recover certain tax claimed to have been illegally collected on a quantity of lager beer.

Mr. Pelton, for plaintiffs.
Dist. Atty. Courtney, for defendant.

SHIPMAN, District Judge (charging jury). This suit is to recover $1,997, the amount of internal revenue tax collected by defendant on that number of barrels of lager beer, returned by the plaintiffs as removed for consumption or sale during the month of September, 1862. The plaintiffs claim that this amount was wrongfully exacted of them, and they seek to recover it back in this suit. The first question to be determined is, whether the payment was voluntary, or whether it was made to prevent its collection by distraint of the plaintiffs' property. On this point there can be no doubt, in view of the testimony of the defendant, the collector. He frankly states that "it was understood by the parties that payment must be made, or the law would be enforced." The plaintiffs paid under this view of the matter, and this must be deemed a constrained and not a voluntary payment. The sum in question was paid under a verbal protest, which protest was noted by the deputy collector on the back of the receipt which he gave the plaintiffs. If any protest at all was necessary, this was sufficient. The clauses of the law under which this tax was collected are as follows: That on and after the 1st day of August (afterwards extended to the 1st day of September), 1862, there shall be paid on all beer, lager beer, ale, porter, and other similar fermented liquors, by whatever name such liquors may be called, a duty of one dollar for each and every barrel containing not more than 31 gallons, and at a like rate for any other quantity or fractional parts of a barrel which should be brewed, or manufactured and sold, or removed for consumption and sale, within the United States or the territories thereof, or within the District of Columbia after that day. Section 50 [12 Stat. 450]. "That whenever by the provisions of this act a duty is imposed upon any article removed for consumption or sale, it shall only apply to such articles as are manufactured on or after the 1st day of August (September), 1862, and to such as are manufactured and not removed from the place of manufacture prior to that day." Section 75, proviso at the end.

It is clear, from the language of the fiftieth section cited, that lager beer sold after the 1st of September, and manufactured before that time, was not subject to tax. The words of the act are plain: "Beer, lager beer, etc., manufactured and sold * * * after that day" shall pay a tax of one dollar per barrel. The words "removed for consumption or sale" are separated by the disjunctive "or" from the "manufactured and sold," as they must have been in order to make the provision intelligible. But it cannot for a moment be supposed that congress intended to allow beer made before the 1st of September to be sold after that date free of tax, while the same article made before, and removed for consumption or sale after, the same date should be subject to tax. The obvious intent of the law was to subject all of this class of beverages in the hands of the manufacturer, made after the 1st of September, to a uniform tax, and the time when such tax should become payable was fixed at the date when the same should be sold or removed for consumption or sale. When the manufacturer sold it, then it should become payable. When he sent it to any place, owned by himself or another, for consumption, then the tax should become payable. When he removed it to a commission house or any other place for sale, then it should become

payable. The law intended to make removal for consumption or sale equivalent to a sale, and to require the manufacturer, when he should either sell or remove for consumption or future sale, to at once pay the tax. The tax was to be levied on the manufacturer as soon as the article passed into the trade in any form or for any purpose.

The beer in question was removed for consumption and sale during the month of September, 1862, and was so returned by the plaintiffs to the collector, and the tax exacted. If it was manufactured after the 1st day of September, then it was subject to tax; if not, it was not subject to tax. On this point both the plaintiffs and the defendant have examined witnesses, and they all substantially agree. The plaintiffs testify that the beer was all brewed before the middle of April, and most of it in January, February, and March; that it was that kind of lager beer made for summer use, and could not be manufactured later than April; that immediately after it was brewed, and by the middle of April at the latest, it was drawn from the fermenting tubs into large casks and placed in cool vaults, where the air was kept through the summer at a low temperature, in order to preserve the beer to be dealt out during the summer and fall to the customers of the manufacturers. The defendant claimed that this kind of beer, for a considerable time after it is placed in the vaults, necessarily undergoes a ripening process, which is indispensable to its perfection and fitness for use, and that therefore it was not wholly "manufactured" till this alleged change was completed. But the witnesses on both sides, if their testimony is to be believed, and I see no reason to disbelieve them, conclusively prove that this claim is unfounded. None of them fix a longer time than four weeks after the beer is placed in the vaults before it becomes settled, and perfectly fit for use. Most of them fix a shorter time. They all agree that after four weeks in the vaults, at the longest, the beer is in as complete a state for the market as it ever can be, though, as its age increases, some slight and immaterial difference in the taste is perceptible, until it finally begins to deteriorate. Now, upon the most liberal test of proof for the defendant, his own witnesses establish the fact that this beer must have been completely manufactured by the 1st of June, including in the term "manufactured" the alleged ripening or improvement of the article as a beverage, which is supposed to have taken place after it was placed in the vaults.

To ask you, therefore, to retire to deliberate upon a question whether or not this beer was manufactured till after the 1st of September, 1862, would be simply to submit to you the question whether the witnesses on both sides have not testified falsely. I see no occasion to do this, and I therefore direct you to return a verdict for the plaintiffs for $1,-997 principal, and $651.96 interest, making, in the whole, $2,648.96.

I will add a single remark touching the proviso, cited from the seventy-fifth section of the act. It will be seen, from the construction I have given to the fiftieth section, that I regard that proviso as having no application to the class of articles taxed by the fiftieth section, as I hold that none are taxed by the latter on removal for consumption or sale except such as were manufactured after the 1st of September.

The district attorney, among other requests, asks me to charge you that the collector is not liable to this suit, which request is denied, as I understand, upon reliable authority, that the supreme court of the United States at its last term held that such actions would lie against the collectors of internal revenue. However the law may have been regarded heretofore on this point, if I am correctly informed, it is no longer an open question.

The district attorney excepted to the rulings of the judge as to the construction of the law.

The jury, as directed, rendered a verdict for the plaintiffs.